1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDRE SMITH-LOVEJOY, | 3:17-cv-00665-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| STATE OF NEVADA, *et al.,* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Andre Smith-Lovejoy's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed.

### I.    *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees.  The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Based on the plaintiff's application, the court finds that plaintiff is unable to pay the filing fee in this matter.  The court therefore recommends that plaintiff's application to proceed *in forma pauperis* be granted.

### II.    LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915.  Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissal of a complaint for failure to state a

claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.    DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Nevada, Nike Shoe Company ("Nike"), and Smith's Food and Drug Stores ("Smith's"). (ECF No. 1-1 at 1.) Due to the limited and vague accusation set forth in the complaint, it is unclear exactly what brings plaintiff into federal court. From what the court can discern, plaintiff's complaint seems to concern federal, and possibly state, taxation. (*See id.* at 2-3.)

In naming the defendants, plaintiff appears to state that he is suing them for tax evasion, but they are not otherwise mentioned in the complaint. (*Id.* at 2.) The body of the complaint reads simply:

> The United States of America is forcing me Andre Smith-Lovejoy to pay taxes each year. I get no tax returns annually or quarterly statements (2b(1) U.S. Laws []). This violation the U.S. does is over $10,000.00 making the matter a felony on the United States of America. Federal Rules of Court.

(*Id.* at 3.) Given plaintiff's allegations, the court will consider the liability of United States for the purposes of screening this action. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (courts must construe *pro se* complaints liberally). Finally, in his request for relief, plaintiff states that he is entitled to the following remedies under the Fifth Amendment: (1) a contract for one million dollars, (2) "annual or quarterly percentages," and, (3) a license. (*Id.* at 9.)

**A.  The State of Nevada**

As an initial matter, plaintiff's claim against the State of Nevada must be dismissed because it is not amenable to suit. Section 1983 "provides a federal cause of action against any *person* who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (emphasis added). A state is not a person for purpose of section 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 70 (1989). Thus, the court recommends that plaintiff's claim against the State of Nevada be dismissed because "it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court recommends that dismissal be with prejudice because plaintiff can make no factual or legal amendments that would expose the State of Nevada to liability under section 1983. *Cato*, 70 F.3d at 1107; *see Patterson v. Oregon Dep't of Revenue,* No. 6:16-CV-01344-JR, 2016 WL 5376299, at *3 (D. Or. Aug. 10, 2016), *report and recommendation adopted*, No. 6:16-CV-01344-JR, 2016 WL 5340517 (D. Or. Sept. 23, 2016) (noting that plaintiff's challenge to state taxes foreclosed by the Eleventh Amendment).

**B.  Nike and Smith's Food and Drug Stores**

Plaintiff's claims against Nike and Smith's fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008) (Federal Rule of Civil Procedure 8(a) applies to complaint brought *in forma pauperis*).  It must also include "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(3).

Even under the most liberal construction, plaintiff's threadbare allegations against Nike and Smith's fail to provide fair notice of a claim to relief.  Plaintiff cites to Nevada Revised Statute Chapter 360, but follows with nonsensical tax jargon and a reference to "Amendment 16 income taxes."  (*Id.*)  Plaintiff provides no indication of how Nike and Smith's Food and Drug Stores have violated the Sixteenth Amendment nor NRS 360, which concerns the State of Nevada's revenue and taxation scheme.  In particular, plaintiff mentions NRS 360.680, but that provision does not apply to private actors as it governs allocations of tax revenue to local governmental entities.  (*Id.*)  More fundamentally, it is unclear what action or occurrence plaintiff challenges because his allegations are almost completely devoid of predicates.  Given these deficiencies, it is impossible for the court to identify the factual or legal basis for her claims or the nature of his requested relief.  Dismissal is this ground alone is appropriate.  *Twombly*, 550 U.S. at 570 (holding that claim for relief must be "plausible on its face.")

Additionally, plaintiff lacks standing to sue.  (*Id.*)  "Consistent with the checks and balances principle, a private party can bring a 'case' only if it has standing — 'a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'"  *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2291 (2017)  (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)).  As "[c]onstitutional claims are personal and cannot be asserted vicariously," *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), plaintiffs must allege injuries that are "particularized *to them*."  *In re U.S. Catholic Conferences*, 885 F.2d 1020, 1023-24 (2d Cir. 1989) (citations omitted) (emphasis added).  Here, plaintiff fails to identify any injury attributable to Nike or Smith's conduct.  Even assuming that Nike and Smith's engaged in tax evasion, plaintiff fails to suggest how such conduct caused him injury.  At most, his accusation implies

financial injury to the government, for which he would not have standing to sue. *See Ariz. Christian Sch. Tuition Org. V. Winn*, 563 U.S. 125, 136-144 (2011) ("recent decisions have explained that claims of taxpayer standing rest on unjustifiable economic and political speculation"); *U.S. v. Williams*, 514 U.S. 527 at 539-540 (Acknowledging "principle that a party may not challenge the tax liability of another" in the absence of substantial financial interest or legal duty).

Accordingly, plaintiff's claims against Nike and Smith's should be dismissed for lack of standing and failure to state a claim upon which relief may be granted. Given the vague nature of the allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Therefore, it is recommended that the action be dismissed with prejudice.

**C. United States**

Plaintiff's allegations against the United States are also insufficient to state a cognizable claim. He asserts that the United States forces him to pay taxes, but the legal grounds for his challenge are unclear. (*See id.* at 3.) He provides no insight into his personal finances to support his assertion that "the violation the U.S. does is over $10,000.00," or otherwise shed light on the nature of his claim or injury. The court cannot supply, through speculation alone, an essential element of plaintiff's claim. *Pena*, 976 F.2d at 47.

Additionally, in his request for relief, plaintiff states his entitlement to a contract for one million dollars. (*Id.* at 9.) This appears to be a request for damages, although the court notes that plaintiff does not explain how he arrived at this figure. (*Id.*) He also requests "annual or quarterly percentages," and "licens [sic]" but it is unclear what such remedies reference. (*Id.*) Without more, it is impossible for the court, much less the defendants, to identify the factual or legal basis for plaintiff's claims or the nature of his requested relief. Thus, the court recommends that plaintiff's complaint be dismissed. 28 U.S.C. 1915(e)(2)(B)(ii).

Dismissal should be without prejudice because it is not clear that plaintiff is unable to plead any set of facts entitling him to relief. 26 U.S.C. § 7433(a) (2012) (authorizing suits in United States District Court against employees of IRS for intentional, reckless, or negligent disregard of Internal Revenue Code). Plaintiff is advised that if he seeks recovery of federal

5

taxes, he must first exhaust his administrative remedies.  26 U.S.C. § 7422 (claimants seeking the recovery of "any internal revenue tax alleged to have been erroneously or illegally assessed or collected" must file a claim for refund before filing suit).

### IV.     CONCLUSION

Consistent with the foregoing, the court concludes that plaintiff fails to plead a plausible right to relief against the State of Nevada, Nike, Smith's, and the United States.  The court recommends that the claims against the State of Nevada be dismissed with prejudice because it is not amenable to suit under section 1983.  Plaintiff's claims against Nike and Smith's should also be dismissed with prejudice because plaintiff lacks standing and amendment would be futile.  Finally, the court recommends that plaintiff's claims against the United States be dismissed without prejudice because it is not clear that he can plead no set of facts entitling him to relief.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against the State of Nevada be **DISMISSED WITH PREJUDICE**;

1    **IT IS FURTHER RECOMMENDED** that plaintiff's claims against Nike Shoe

2  Company be **DISMISSED WITH PREJUDICE**;

3    **IT IS FURTHER RECOMMENDED** that plaintiff's claims against Smith's Food and

4  Drug Stores be **DISMISSED WITH PREJUDICE**;

5    **IT IS FURTHER RECOMMENDED** that plaintiff's claims against the United States be

6  **DISMISSED WITHOUT PREJUDICE**;

7    **IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close

8  this case.

9    **DATED**: April 4, 2018.

10  _____

11  **UNITED STATES MAGISTRATE JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28